gentlemen we have four argued cases before the court this morning the first is a veteran's case the other three are patent cases from different Quora the first case on the docket is docket number 157030 Hudgens v. McDonald mr. Andrews you want to say three minutes for rebuttal yes ma'am yes ma'am all right you may begin may it please the court my name is Thomas Andrews I'm here on behalf of mr. Hudgens this is a case involves the interpretation of diagnostic code 5055 the VA is taking position that applies to total knee replacements the veterans court on appeal took the position that were interpreted to apply only to total knee replacements involving the tibia the and we're taking or we're arguing this court that just based on the plain interpretation of plain meaning of this language that it applies to mr. Hudgens surgery which was a partial knee replacement you have a pretty high burden here to establish that we should even address the merits of this or interpretation this regulation given that there is a remand correct yes ma'am there is a remand and we think we fit well within the Williams exceptions first we know this is a purely legal question we know he had a partial knee replacement it isn't a situation where we need to find out what type of surgery he had so that's everything's before the court but additionally we think they're going to make an argument where the VA has made an argument in their brief regarding the analogous rating regarding 5055 if if specific number same diagnostic code number it's not actually it is under a different regulation it's under 4.20 instead of 4.71 diagnostic code 5055 so it's found in a different source now in terms of how they internally code that they internally coded as 5055 dash and there's a four a four digit letter that I'm not sure what it is so it isn't coded even in the same way it's just a typical rating under 5055 additionally we think it's important what is what is your understanding of what an analogy is well they are supposed to look at three different really speaking what do you understand an analogy to be an analogy is a similar a similarity something that is close so it's regarded as similar but so under that application under the analogous consideration he could possibly get an award that would be the same that he would be entitled to if he were allowed to proceed under the regulation that you want him to proceed under yes ma'am yes your honor but I think we have to look at the analogous rating the beauty well let me back up the beauty about 5055 is if a veteran comes in and can prove that he's had a knee replacement he automatically gets a minimum 30% rating under the analogous rating scheme they aren't going to automatically give him that rating instead they're going to look and see they're supposed to look at three things whether the functions the same that the location is the same the symptoms are the same so by remanding it they are robbing him of his automatic rating his automatic result could be the same in the end the result could be the same except that he has to go through these extra steps he has to be subjected to extra scrutiny and analysis but I mean how do you distinguish this circumstance from me or a I'm not sure how you pronounce that my or a you didn't really try to distinguish that in your brief well whenever I looked at me or a and even when whenever I go back and look at those what I saw over and over was sort of this language of the veteran may win or lose on the facts of his case without regards to the challenged regulations here there's no way he can get a rating under 5055 that automatic a minimum rating to which he's entitled to subjecting him to the remand but under the facts of his case he could get the same result in the end yes it's the same result he has to with more analysis and more scrutiny by the VA okay so he could net so what you're saying is even if he gets the same rating at the end of the day he gets that he would get that same rating with an entirely different process is that what you're saying that's never recapture the shortened process that's right yes your honor the statute of the regulation 4.2 analogous rating says when an unlisted condition is encountered it will be permissible to rate under a closely related disease the replacement for a knee joint is a listed condition isn't it well and that that really circles back to our principal argument in terms of the plain meaning of the of 5055 we think it clearly or we think it encapsulates a partial knee replacement assuming the government is correct and it does not why would a partial be analogous to something that's not otherwise permitted well I think I would anticipate the the VA is going to argue that it's not similar under 4.2 what are you going to argue are you interested in an analogous result you were in your NOD you did not list when you when you filed your NOD you only talked about 50 55 you didn't talk about 4.2 he and I wasn't representing mr. Huggins at that point but I think he specifically thought he should have a rating under 5055 and not under the analogous rating I think he didn't want to be subjected to the additional scrutiny and analysis that's required under 4.2 and that's why we think that this escapes will this escapes the non-final rule maybe I should reserve my concerns for what is analogous until the government takes the floor okay what about though assuming that you're right and we can we can consider this despite the remand what do we do with the fact that that we're in some form of deference to the the board's decision-making well first I would I would point out the 17 board decisions that I've presented to the court where they've all found or those have found that 5055 does apply to partial new replacements so what we have here is under agency deference you're supposed to consider is this consistently applied it hasn't been consistently applied according to their profit interpretation I would argue it has actually been consistently applied with regards to our interpretation that 5055 does apply to partial new replacements those decisions there from 98 through 2014 actually during the pendency of this case their highest adjudicatory body was saying 5055 applies to partial new replacements and they're not made by one or two road board members there 14 different board members made those 17 decisions so I would argue this is a widely a widely held view by the board and so it's not consistently applied and so you should not give them the same about the fact that now they've undertaken rulemaking to actually make it clear that it doesn't cover partially replace I would argue that that actually is an admission by the VA that this is an ambiguous code they essentially put in a footnote saying that prosthetic replacement means total not partial joint replacement if that was needed and if you have any objection to that post hoc it shouldn't be applied to your case I'm sorry for talking over you it shouldn't apply to Mr. Huggins why not because he should be given the benefit of the law at the time of his application the type of the decision so we would argue that really the VA's own regulation or this new regulation from July is probably the best evidence that this they at least consider this to be an ambiguous regulation. Are we under our deference or is Gardner what controls us? I think there's a tough tension between our and Gardner and this court has noted it and you've noted it in Johnson v. McDonald. I think anytime I think the best way to maybe resolve in this case is to look at their consistently held opinion and since they don't have a consistently held opinion I don't think you need to give them deference. Now you can go further and say our has has really suffered under Christopher v. Smith Klein and Decker v. Northwest there have been real suggestions by our Supreme Court that agency deference isn't going to be given the same he doesn't make any sense right? That's exactly right and especially within the still the law it is still the law and you are constrained by that and I'm constrained by that but in this situation where you also have the Supreme Court saying ambiguity should be resolved in favor of the veteran I mean that creates a real tension especially whenever you have a situation here where they haven't consistently taken a position that 5055 only applies to total knee replacement. Is it your view that 5055 is ambiguous or that it is clear that it includes partial replacements? Which way are you going? I've looked at this thing I've debated that over the last month whether I should just concede plain meaning and I really the more I look at it I think it clearly includes a partial knee replacement if you look at the definition of knee joint that they put forward in their brief I think pages 28 it's really consistent with ours it's the area between the tibia, the femur and the patella and here a prosthetic implant was placed there I mean we know that and we know also if you look sort of where 5055 it's embedded within a larger section 5051 through 5111 that's titled prosthetic implants it doesn't say total or complete prosthetic implants it just says prosthetic implant and we know Mr. Hudgens had a prosthetic implant placed there so I have a difficult time and also again looking back at their own decisions by the Board of Veterans Appeals a May 20th 2014 decision so during the pendency of this case says by its very terms the code applies to prostheses of the knee and doesn't differentiate between total and partial knee replacements and then they give it to a partial knee replacement. If you went under a plain meaning interpretation are you conceding that under an ambiguous interpretation you don't win? Oh I think I would win under an ambiguous interpretation too. If the court... You're going to win either way. I think so. It's the best position to be in. That's a good case to have. I can see my time is fast expiring I would also just want to point out there is an unpublished Veterans Court case where then Judge Hagel, now Chief Judge Hagel said 5055 applies just based on its plain meaning that to partial knee replacements. I'll note this was from 2012 the VA there they didn't ask for a panel decision they didn't appeal to this court they accepted it which leads me to think in 2012 they were fine with that interpretation. Also in our brief at pages 333 through 336 we include portions from their brief in that underlying case and there really the argument made by the veteran was they hadn't considered 5055. The VA came back and said we did consider 5055. I would have expected them to then say but you know it doesn't apply to your partial knee replacement anyway. They didn't make that argument in 2012 and I think that indicates what their view of it was at that time. Okay why don't you save the rest of your time for rebuttal. Good morning your honors and may it please the court. I think the threshold issue here is also the dispositive one and as you pointed out Judge O'Malley it's the one where the plaintiff has a very high burden to establish that this court should hear the case. This was an appeal of a non-final order the Veterans Court remanded the case down and under the this court's rules that that's typically not sufficient for an appeal. But there's no doubt we have jurisdiction the only question is whether we choose to exercise it right? That's right. So this this whole Williams framework is really a That's right it's sort of a prudential analysis the court. So that prudential analysis is pretty much tied into the merits of the case. That is to say if it is the case that on a remand and I want to get to exactly what was the decision of the VA the Veterans Court on remand it's very puzzling if you look at their last paragraph conclusion but we'll do that in a minute. If there is a question on remand as to whether this issue will survive then we can exercise our discretion and say we better decide it now right? If on the other hand it's clear it it will survive then that's a different issue. Isn't that really sort of what we're at? So the question I would put to you Mr. Hellman is the question that puzzles me. Your position is that 50-55 is a dead letter as far as he's concerned because it's clear that a partial replacement doesn't apply under 50-55 right? That's correct. And so he would have to do it by analogy and your Well that puzzles me a little bit for this reason. I would have thought an analogy to 50-55 which deals with hip replacements would be an elbow replacement. That is let's assume for the moment that there is no provision for elbow replacements and that issue comes up because if you read 420 it says when unlisted condition is encountered. Well the unlisted condition would be the elbow replacement presumably in my hypothetical and you could by analogy say well let's look at hip replacements. But hip replacements partial or total are not unlisted depending upon how you construe 50-55. So I don't see how you could have an analogy to a prohibited from your viewpoint. I don't see how you could grant an analogous remedy for something that your position is prohibited by the code. Your position is 50-55 prohibits a partial replacement recovery under 50-55. Explain to me how an analogy to a prohibited partial replacement could be an analogy. Is it prohibited or is your position that it's not covered? Well and are those the same? I'm not sure they're quite the same. Our position is that a partial knee replacement is not covered under the direct language of 50-55 which applies to prosthetic replacement of the knee joint. I think this is maybe where the distinction lies, Judge Plager, is that the rating by analogy talks about an unlisted condition and I'm not sure if a knee replacement is the condition. It is a remedy for the condition which is degeneration of the knee to some extent through whatever cause arthritis or any other type of knee affliction. And so I don't think we would dispute that Mr. Hudgens has a condition afflicting his knee for which he had a remedy. Now the code does not cover that specific remedy. It doesn't cover the partial knee replacement he had. It covers total one by its length. The condition of his knee, the injury to his knee is a listed condition, isn't it? It has to be, otherwise you couldn't have a total replacement provision for that injury. So it's a listed condition. But 420 says an unlisted condition. So I'm puzzled. If I were sitting on the board and this came before me and said well it's analogous to 50-55, I would scratch my head and say how can it be analogous to a condition that's listed? The condition being the injury to the knee. That's what's troubling me about your definition of 50-55 as precluding a partial replacement. You see how this is all sort of tied together in the ultimate question of is it true that 50-55 cannot be read to include a partial replacement? Isn't that ultimately the question we have to decide? If this court were to find that it should review the merits, yes. I do think that I think the position that the agency has taken is that the analogous rating provision covers not only I guess unlisted conditions in the sense of your hypothetical if it's a joint that's not listed in the diagnostic code schedule, but also given its mandate to interpret these to administer the law broadly. It doesn't talk about the joint, it talks about the condition. Right. And I think that that is the distinction in your hypothetical that the condition here is covered to the extent that if it was severe enough to require a total knee replacement, it would be covered under diagnostic code 50-55. However, I guess the less severe condition that only requires a partial knee replacement in that sense would be unlisted because it doesn't qualify under 50-55. So I think in that case the board would turn to 4.20 and look at it by analogy and say well we have a severe knee condition that calls for a total knee replacement and that's covered but that's not what we have here. Here we have an unlisted condition. It's a milder form of knee affliction and that only calls for a partial knee replacement. We don't have a code for that but let's look at it by analogy. Let's look at it by the three factors the court looks at, symptomatology and analogous location and function. You argue that this issue won't be lost after remand but that's only if he wins. I mean, I'm sorry, only if he loses, correct? Yes, that's right, Your Honor. So if he's able to establish by analogy that he's entitled to the benefits then we'll never get to this legal issue because you will argue that it's moot, right? That's right, Your Honor, but then he would have gotten the relief he requests and that's exactly the Donaldson case. There the court said that the case should not be heard because if the veteran wins, that's not the third Williams factor. It's not satisfied under that condition. But again, these cases are all very fact-specific, are they not? In each instance you're supposed to look at the precise circumstances. I mean, this isn't like a situation where a prior panel says we don't have jurisdiction over something and we're bound by that. This is where a prior panel is looking at its own facts and exercising its own discretion. Your Honor, I would say that because this court's jurisdiction is only limited to looking at the legal questions, that the fact that there are different factual circumstances is irrelevant. It's irrelevant to how you apply Williams? Well, I think that the individual facts in each specific case would not be here on review because of this court's limited jurisdiction. So you'd have to look at these would be specific legal questions that the court would be examining. So the fact that in Donnellan it was, you know, a small, it was an intestinal surgery that happened and here it's a knee replacement, I don't think that distinction is relevant. I think the relevant issue is whether the legal issue is effectively unreviewable at a later stage in a litigation. And the Donnellan court said that that risk does not include the possibility that the veteran will prevail on remand and therefore not need to take another appeal. And if Mr. Hudgens prevails here on the rating by analogy and the relief that he seeks, the case will be moved and he doesn't need to... You would concede, would you not, that the rating by analogy requires additional criteria over what 50-55 requires. 50-55 simply says, did you have a knee replacement, however defined, and if so, you get a hundred percent for the first year and so on and so on. Whereas the argument by analogy, as I read the regulation, requires that the functions affected, not only the functions affected, but the anatomical localization and symptomatology are closely analogous. Now your argument was a very interesting one. You said, well, if it's not as severe as a total replacement, you can only get, you only needed a partial replacement, you're not going to have this analogous anatomical localization and symptomatology as you would in a total replacement. That was your argument and therefore it seems he loses under 4.2. Well, by your very argument before us, which is that he has a different condition. So what are we to do with that? How can he be said to get the same remedy for the condition if he has a different condition? He may have a different condition in the sense that it does not fit within the requirement for a total knee replacement, but if you look at the diagnostic code, it actually provides several rating levels depending on the severity of the pain and the weakness in the extremity. And so while he may not qualify for some of the more severe ones, he may qualify for some of the less severe ones. I think that's a factual determination that the board is going to have to make in the first instance, which is why this case was remanded by the Veterans Court. And I think... And if we follow that analysis as you proposed it, we at least have a question as to whether he'll get the same remedy, don't we? Well, and I believe if he does not, if he feels that he's entitled to a greater remedy under 50-55 than he received under the rating by analogy, he would still be able to appeal that issue after remand and after going through the Veterans Court when he has a final ruling. So there's no need to address this under the Williams exception because there's no substantial risk that the decision would not survive a remand. It's only in that context where the very remand itself violated the rights of the appellant that this court generally hears these cases. And Judge O'Malley, to your point earlier about whether he is entitled to a sort of a shortened process under 50-55 rather than the rating by analogy, and I think Judge Plager, you also kind of alluded to that. Because the board and the VA has a broad duty to assist, they look at all the factors. It's not just that he submits his claim under 50-55. They look at the receipt from the hospital that says he had a total knee replacement and he goes home. They look at the other codes. Do they do the tests for flexing the knee, for extending the knee? And so in practice, I don't think this really gives him any shorter of a process. It may be a little bit more defined to say he fits under this diagnostic code rather than having to meet the elements of rating by analogy. Well, there are a lot more merits assessments that need to go on regarding his injury, correct? That's right. But I think those merits assessments would happen regardless. Otherwise, he would be here arguing that the board didn't fulfill its duty to assist in giving him additional ratings under some of these other diagnostic codes relating to the knee. Your answer is a non sequitur because Judge O'Malley asked if there were a lot more and you said that's right and then you said it wasn't right. So which is it? You can shake both. I think there are more requirements that he would have to fulfill to satisfy the rating by analogy. That is correct, Your Honor. Whether those requirements would happen during the process anyway I think is a slightly different question and I think because of the board's duty to assist they would, as they did in this case, one of the other issues was the flexing or the extending of Mr. Hudgins' knee and to the extent that he has knee instability he was also given other ratings under different diagnostic codes and that's also part of that was remanded back. I see I'm getting close to the end of my time. Yes. So in concluding, just for the reasons that we stated in our brief we'd request that this court dismiss the appeal at this time. Thank you. Mr. Andrews, I have only one question. Yes, sir. Why didn't you save yourself and this court and the government all this angst and just wait until the remand and then figure out what your client did or did not get rather than come up on what in a sense is a partial appeal? Why didn't you just wait? Because I won a case this year. I won a case just a couple weeks ago that has been going on since 2010. Whenever things go to the VA they're supposed to handle them expeditiously but in reality it's actually quicker to come to this court to get a decision. How do you get around Donnelly? I think we get around Donnelly because it talks about the violation of a right to an immediate decision. Under 5055 we have a right to a minimum rating in this. Also, I would point out that... Donnelly specifically says that the risk of not being able to raise the issue after remand doesn't include the risk that the issue might get mooted by a victory. So how do you get around that? I think we get around it... I go back to what I said. We have a right to an immediate decision in this case which I think Donnelly also talks about. Also talking about the 4.20 discussion or language. You're right, there's a difference. It talks about an unlisted condition and most diagnostic codes involve a condition, a hurt knee, whereas 5055 is unusual. It involves the actual surgery. And so there is an odd disconnect where 4.20 talks about the condition, whereas we aren't really in exactly that situation. And so I'm not sure that the analogous rating would apply specifically to this situation. Thank you so much. Okay, thank you. Case will be submitted. Thank you. I just want to say...